BARKETT, Circuit Judge,
dissenting:
Clausen’s complaint is not a model of clarity, but in my view it adequately complies with the requirements of Rule 9(b). Although not explicitly drawing a distinction, the majority characterizes the defect of Clausen’s complaint in two ways: first, as a failure to allege the specific dates or amounts of false claims submitted to the government; and second, as a failure to provide a “factual basis” for the claim that bills were submitted to the government “on or within a few days” of the dates on which LabCorp allegedly performed unnecessary, duplicative, or otherwise improper tests. I will discuss these concerns separately, since they implicate different legal issues.

I. Dates and Amounts of False Claims

Rule 9(b) states that “the circumstances constituting fraud or mistake shall be stated with particularity.” By itself, of course, that language does not tell us whether the failure to specify the amount of the false claim, or to indicate the precise date on which it was submitted rather than a range of a few days, constitutes a lack of particularity that is fatal to the complaint. It is therefore necessary to look to the purposes of Rule 9(b), which the majority identifies, but, apart from one footnote, does not discuss: “The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior.” Ziemba v. Cascade Int’l, Inc., 256 F.3d 1194, 1202 (11th Cir.2001) (quotations and citations omitted). It is also worth recalling that the district court deemed Clausen’s complaint to have complied with the particularity requirements of Rule 9(b) at least insofar as it described the various arrangements or “schemes” by which Lab-Corp would allegedly perform medically unnecessary tests. Moreover, the complaint identified specific patients and specific dates on which those tests were performed. Thus, the question is whether a complaint that adequately alleges the schemes by which medically unnecessary tests are performed, and identifies the specific dates and patients on which those tests were performed, nonetheless frustrates the purposes of Rule 9(b) if it does not identify the specific amount of each claim and states that each claim was submitted to the government “on or within a few days” of the date on which the test was performed.
*1316 The majority appears to accept that the first purpose of Rule 9(b) — alerting defendants to the precise misconduct with which they are charged — would not be frustrated were Clausen’s complaint permitted to survive. Obviously, the essence of the fraud in this case lies in the schemes to perform unnecessary tests, rather than in the claims for payment. Clausen does not allege that LabCorp billed for the improper tests any differently than it bills for medically appropriate tests; the only issue is whether the underlying tests were medically necessary.[1] Thus, the schemes by which LabCorp allegedly performed medically unnecessary tests constitute the heart of the misconduct that LabCorp must defend against, and the district court did not question the adequacy of the particularity with which Clausen described those schemes.
Of course, if there was no claim for payment, then there was no fraud, but Clausen’s complaint does allege that Lab-Corp billed for the tests performed as a result of these schemes.[2] LabCorp would be free to answer Clausen’s complaint by showing that it never submitted bills for any of these tests. But the availability of this defense — however unlikely it is that LabCorp would resort to it — has no bearing on whether LabCorp has been sufficiently alerted to the misconduct with which it has been charged. Clausen has identified the specific tests he alleges to be improper and the reasons why they are improper, along with the patients and dates on which they were performed. The amount of, and precise date on which, bills for these tests were submitted to the government is not necessary to alert LabCorp to the nature of its alleged misconduct, and thus LabCorp cannot colorably contend that it is unable to discern from Clausen’s complaint the misconduct in which it has allegedly engaged.
So let us consider the second purpose: protecting defendants against spurious charges of immoral and fraudulent behavior. Put another way, the rule protects defendants from frivolous lawsuits and from undeserved harm to their goodwill and reputation. See, e.g., Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir.1999). The particularity requirement accomplishes this purpose by requiring would-be plaintiffs to have a reasonable (and reasonably precise) basis for their allegations prior to discovery. But for the same reason that Clau-sen’s allegations adequately alert LabCorp to the misconduct it must defend against, his complaint adequately satisfies the second purpose of Rule 9(b): it alleges with particularity the facts constituting the essence of the fraudulent conduct. It lays out the circumstances of the fraud that would not be a matter of common knowledge or common sense: namely, the schemes by which LabCorp allegedly performed medically unnecessary tests.
As the majority notes, “[a]s a corporate outsider, [Clausen] may have had to work *1317 hard to learn the details of the alleged schemes entered into by LabCorp through years of making contacts in and learning about the industry while not being privy to LabCorp’s policy manuals, files and computer systems.” As the majority thus appears to recognize, the requirement that a plaintiff allege with particularity the testing schemes — along with specific patients and dates on which allegedly improper tests were performed — will do much to protect defendants against spurious charges or frivolous lawsuits. While a requirement that the plaintiff further identify the precise dates and amounts of claims for payment may result in the dismissal of more lawsuits, there is no reason to think that the majority of the additional lawsuits dismissed will be frivolous ones. When an outsider like Clausen has no pre-discovery means of access to the dates on which the defendant submitted its claims for payment, the lack of that information tells us nothing about the likelihood that the lawsuit is frivolous. By alleging with particularity the schemes by which medically unnecessary tests were performed and identifying specific patients and dates on which those tests were performed, Clausen has, in my view, overcome the bar erected by Rule 9(b) to spurious charges or frivolous lawsuits.

II. The Factual Basis for Clausen’s Allegations as to Claims for Payment

The majority suggests that Clausen’s allegations regarding LabCorp’s submission of claims for payment should be discounted or disregarded because they are “concluso-ry.” Clausen, the majority complains, cites no facts in support of his allegation that bills were submitted for the tests performed. However, the majority itself identifies a potential problem with its argument: “When Rule 9(b) applies to a complaint, a plaintiff is not expected to actually prove his allegations and we defer to the properly pleaded allegations of the complaint.” “But,” the majority continues, “we cannot be left wondering whether a plaintiff has offered mere conjecture or a specifically pleaded allegation on an essential element of the lawsuit.”
The “mere conjecture” to which the majority alludes, of course, is the allegation that LabCorp actually billed for the tests it performed. Taking as true Clausen’s allegations regarding LabCorp’s schemes — as we must on a motion to dismiss — his allegations regarding billing would appear to be mere conjecture only if we were willing to attribute to LabCorp a highly unusual business model that consisted in arranging for the systematic administration of medically unnecessary tests for which it never intended to be paid. I see nothing alarmingly conjectural about Clausen’s allegation that LabCorp billed for the allegedly unnecessary tests it methodically took the trouble to order.
The majority wants Clausen to provide “copies of bills or payments.” But that is to say the majority asks for proof, and proof is not required at the pleading stage. The majority also wants identification of the amounts of charges and the actual dates of claim submission. But the majority does not suggest that Clausen had any pre-discovery means of obtaining that information, so it asks for the impossible. Finally, the majority wants “policies about billing” or “second-hand information about billing practices.” Perhaps Clausen could have found some information indicating that LabCorp — whose business is to perform medical tests for payment — had a policy of billing for the tests it performed. But here, the majority simply asks for the obvious.[3]
*1318 It may be that the majority reaches the conclusion it does because it suspects that Clausen’s lawsuit is without merit. I do not know whether the suit has merit or not, but in any event, it is not relevant to the question before us. A court should not rely on its estimation of the merits of the underlying suit when deciding whether a complaint has complied with the requirements of Rule 9(b). My concern with the law the Court makes today is that it is undiscriminating, as likely to result in the dismissal of meritorious lawsuits as it is to protect defendants from unwarranted litigation.

. It would be different if Clausen alleged, for example, that LabCorp had billed for tests that it never performed. In that case the specific dates on which claims for payment were submitted to the government might well be necessary to satisfy the requirements of Rule 9(b). But that is not this case.

. The majority writes that "nowhere in the blur of facts and documents assembled by Clausen regarding six alleged testing schemes can one find any allegation, stated with particularity, of a false claim actually being submitted to the Government." That statement is simply not borne out by a reading of the complaint. For example, in paragraph 60 of his complaint, Clausen alleges that LabCorp performed an unnecessary Glucose test on patient H.L. on April 15, 1997, and that a claim for the test was submitted "on April 15 or within a few days thereafter” via electronic form HCFA 1500, with CPT code 82947.

. Moreover, does not Clausen's allegation that bills were submitted "on or within a few days” of the tests performed indicate that he *1318 had some familiarity with LabCorp’s billing practices?